

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50104 | **DATE** | 6/11/2002 |
| **CASE TITLE** | U.S. ex rel. Gregory A. McVay, #N-13510 vs. Warden James Schomig | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, the petition under section 2254 is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUN 11 2002 | 10 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | | 6-11-02 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | 02 JUN 11 PM 3:24 U.S. DISTRICT CLERK COURT Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Gregory A. McVay, a state prisoner in custody pursuant to his conviction of home invasion, 720 ILCS 5/12-11 (West 1994), has timely filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, raising two claims: (1) his right to remain silent was not scrupulously honored where, after he exercised his right to remain silent on June 1, he was reinterrogated on June 2 without receiving fresh Miranda warnings, leading him to give an oral inculpatory statement which he mistakenly assumed could not be used in evidence against him because it was not in writing; and (2) trial counsel rendered ineffective assistance of counsel for failing to present as evidence McVay's Illinois identification card, issued to him two months before the crime depicting him with very short hair and being 5'8" tall, weighing 145 lbs., when shortly after the offense occurred the victim described the offender to an investigating officer as having shoulder-length hair, and being 6'4" tall, and weighing 180 lbs. These two issues were raised, inter alia, in an appeal to the Illinois Appellate Court and were resolved against McVay and his conviction was affirmed in an unpublished opinion. People v. McVay, 721 N.E. 2d 858 (Ill. App. Ct. 1998) (opinion unavailable). The same two issues were raised in his petition for leave to appeal to the Illinois Supreme Court which denied his petition for leave to appeal.

McVay's claims were filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) which allows habeas relief only if the state court's denial of relief was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d); Ouska v. Cahill-Masching, 246 F.3d 1036, 1044 (7th Cir. 2001). This court will adopt without further recitation the facts set forth in the decision of the Illinois Appellate Court, which McVay does not challenge.

### Right to Silence Claim

In Michigan v. Mosely, 423 U.S. 96, 104 (1975), cited in People v. Batac, 631 N.E.2d 373 (Ill. App. Ct. 1994) relied on by the Illinois Appellate Court in disposing of McVay's right to silence claim, statements made by a defendant who had earlier invoked his right to remain silent are admissible if police scrupulously honor a defendant's right to cut off questioning. Consistent with Mosley, police may renew questioning on the same subject as was previously cut off by a defendant. See United States v. Schwensow, 151 F.3d 650 (7th Cir.), cert. denied, 525 U.S. 1059 (1998). Here, the Illinois court applied a totality of circumstances test to determine if McVay understood his Miranda rights in the post-Miranda questioning and found the evidence supported that he was aware and understood his rights under Miranda during both interviews and he initiated the second interview. The decision of the appellate court was not an unreasonable application of clearly established federal law, as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence. The additional assertion by McVay that he did not realize his oral statement could be used against him goes nowhere as the second Miranda warning specifically provides, "Anything you say can be used against you in a court of law."

### Ineffective Assistance of Counsel Claim

A claim of ineffective assistance of counsel is evaluated under the standards in Strickland v. Washington, 466 U.S. 668 (1984), as was done by the Illinois Appellate Court here. McVay's claim is that his trial counsel failed to offer into evidence his Illinois identification card, issued some 10 weeks before the offense in question, which would have shown he was shorter, weighed less, and had shorter hair than what was described by the victim to police just after the crime. The Illinois Appellate Court after a thorough review of this claim and the evidence at trial concluded, applying the Strickland prejudice standard, no reasonable probability exists that but for counsel's failure to introduce this identification card the outcome of McVay's trial would have been different. This decision was not contrary to, or an unreasonable application of Strickland.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

U.S. ex rel. Gregory A. McVay

v.

Warden James Schomig

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 50104

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Gregory A. McVay's petition under section 2254 is denied.

FILED-WD
02 JUN 11 PM 3:24
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 6/11/2002

Susan M. Wessman, Deputy Clerk